IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 2:16cr27 |
| v. | ) | |
| | ) | |
| CHRISTOPHER RANDALL SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## **POSITION OF THE UNITED STATES REGARDING SENTENCING**

The United States of America, by and through its undersigned counsel, Alan M. Salsbury, Assistant United States Attorney for the Eastern District of Virginia, and John H. Zacharia, Special Assistant United States Attorney and Assistant Deputy Chief for Litigation, U.S. Department of Justice, Criminal Division, Computer Crime and Intellectual Property Section, hereby states that it has no objection to the presentence report and that the probation officer correctly calculated a range of imprisonment of 12-18 months under the United States Sentencing Guidelines. In addition, the United States does not dispute any of the facts or factors material to sentencing in the presentence report.

With respect to the sentencing factors contained in 18 U.S.C. § 3553(a),[1] the United States notes the following. *First*, the nature and circumstances of Defendant's offense are

---

[1] Section 3553(a) sets forth the following factors to be considered in imposing a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

serious.  Over the course of at least 30 months, Defendant Smith conspired to import from China almost 4,000 infringing copies of DVD sets of copyright protected movies with a retail value of $44,305.38. Defendant Smith's illegal imports included infringing copies of some of the most popular titles available, such as the copyrighted Harry Potter movie series.  In addition, many of the infringing DVDs that Defendant Smith imported were seized by U.S. Customs and Border Protection (CBP) because CBP determined that the DVDs were found to contain counterfeit marks, such as the "DVD" and "Paramount" word marks – both of which are trademarks registered on the principal register of the U.S. Patent and Trademark Office.

Although CBP notified Defendant Smith of the seizures and the reasons for the seizures, Defendant Smith nevertheless continued to import from China infringing DVDs that also bore counterfeit marks – fully aware of the federal crimes he was committing.  In this exchange with his Chinese supplier, "Jackie," Defendant Smith remarked, "Yes, I can appeal it in court, but like you said, it is fake and if I pursue and lose, I could be held for federal crimes for wasting the courts time.  It is copyright infringement and holds a high penalty.  I'd rather not fight for them.  You said you ship them again, right?  And not all get checked by customs, it was just 3 bad luck packages that may of [sic] been checked because of the money fraud coming from Hong Kong customs?"  Defendant Smith continued to sell infringing copies of copyright protected DVDs

---

(4) the kinds of sentence and the sentencing range established [by the Sentencing Guidelines];

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

until HSI agents executed a lawful search warrant on Defendant Smith's residence on October 15, 2015.

*Second*, regarding Defendant Smith's history and characteristics, the presentence report indicates that Defendant Smith comes before the Court with one prior criminal conviction, and with an apparent history of supporting his dependents. The significance of the absence of a long criminal history, however, is diminished by his role in a conspiracy to import counterfeit infringing copies of copyrighted DVD movie sets that, in addition, bore counterfeit marks. It is further diminished by his decision to continue such importation, even after learning that CBP had seized some of these imports. As the foregoing discussion demonstrated, rather than use the CBP seizures as a reason to reconsider his illegal conduct, Defendant Smith and his co-conspirators continued their importation of infringing copies of DVD movie sets in defiance of the law until investigators executed a search warrant on his residence on October 15, 2015.

*Third*, the nature of Defendant Smith's illegal conduct calls for a sentence that promotes in him a greater respect for the law and the property rights of others, that deters others from engaging in similar illegal conduct, and that provides for a just punishment.

*Fourth*, regarding the kinds of sentences available and the sentencing range, the United States notes the following. As the presentence report correctly calculated, Defendant Smith reached an adjusted offense level of 16 for his conviction on count one of the criminal information, and a final offense level of 13 after a three-level reduction for acceptance of responsibility. This results in an advisory guideline range of 12-18 months, which is within Zone C of the guidelines, and the guidelines therefore do not authorize a sentence of probation. United States Sentencing Guideline § 5C1.1(d) authorizes the court to impose a sentence of

imprisonment, with no more than half of the minimum sentence being served by home confinement.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence Christopher Randall Smith to a sentence of imprisonment at the low end of the guidelines, with half of that sentence being served by home confinement.

        Dana J. Boente
        United States Attorney

By: \s\
    Alan M. Salsbury
    Assistant United States Attorney
    Attorney for the United States
    United States Attorney's Office
    8000 World Trade Center
    101 West Main Street
    Norfolk, Virginia 23510
    Phone: (757) 441-6331
    Fax: (757) 441-6689
    E-mail Address: alan.salsbury@usdoj.gov

    Leslie R. Caldwell
    Assistant Attorney General

By: \s\
    John H. Zacharia
    Assistant Deputy Chief for Litigation
    Computer Crime and Intellectual Property Section
    Attorney for the United States
    United States Department of Justice
    1301 New York Ave., NW
    Suite 600
    Washington, DC 20005
    Phone: (202) 305-2310
    Fax: (202) 514-6113
    E-mail Address: John.Zacharia@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record who are users of the CM/ECF system.

\s\
Alan M. Salsbury
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
Phone: (757) 441-6331
Fax: (757) 441-6689
E-mail Address: alan.salsbury@usdoj.gov